

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**Signed September 6, 2007**                                                           **United States Bankruptcy Judge**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DITRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| Peter N. Rosetti | § | Case No. 06-43810-DML-13 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| Peter N. Rosetti | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 07-04063-DML |
| | § | |
| Chase Home Finance LLC | § | |
| Defendant. | § | |

### MEMORANDUM OPINION

Before the court is "*Defendant's Motion to Dismiss with Prejudice to Refiling for 180 Days with Brief in Support*" (the "Chapter 13 Dismissal Motion") filed by Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation ("Chase"), by which Chase seeks dismissal of the above-captioned chapter 13 case. Also before the court is "*Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Alternative Request for Abstention and Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted*" (the "12(b)(6) Motion" and, together with the Chapter 13 Dismissal Motion, the "Motions") seeking dismissal of the above-captioned adversary proceeding pursuant to Fed. R.

Civ. P. 12(b)(6). The court exercises core jurisdiction with respect to the Motions pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(I). This memorandum opinion embodies the court's findings of fact and conclusions of law as provided by Fed. R. Bankr. P. 7052 and 9014.

## I. Background

For the most part, the court accepts Chase's version of the facts as an accurate representation of the circumstances leading up to the present.[1] On November 30, 2004, Peter Rosetti ("Mr. Rosetti" or "Debtor") and DeAnne Rosetti ("Mrs. Rosetti," and, together with Debtor, the "Rosettis") filed a joint petition for relief under chapter 7 of title 11 of the United States Code,[2] case number 04-91429-rfn (the "First Bankruptcy Case"). The Rosettis received a discharge on March 2, 2005. In the original schedules that the Rosettis filed, they did not list any causes of actions against Chase. On April 26, 2005, the Rosettis filed a motion to reopen the First Bankruptcy Case due to a problem with an escrow account managed by Chase, which motion was granted by the judge in that case, the Honorable Russell F. Nelms.

The Rosettis then filed an adversary proceeding against Chase asserting breaches of contract and breaches of fiduciary duty by Chase related to the problem with the escrow account.[3] The Rosettis also amended their schedules to reflect their cause of action against Chase. Upon a Motion to Dismiss for Lack of Jurisdiction and a Motion for Summary Judgment urged by Chase, Judge Nelms determined that the right to pursue the breach of contract and breach of fiduciary duty claims vested in the chapter 7 Trustee (the "Trustee") unless the Trustee

---

[1] The court's recitation of facts generally follows Chase's statement of facts in the Motions as supported by documentary evidence and affidavits because Debtor's counsel did not introduce contrary evidence into the record at the July 3, 2007, hearing (the "Hearing").

[2] 11 U.S.C. § 101, *et seq.*, hereinafter referred to as the Bankruptcy Code.

[3] As Mrs. Rosetti testified at the Hearing, the Rosettis did not file the adversary during the initial pendency of the First Bankruptcy Case because they were not aware that they had a legal right to do so. It is unclear to the court whether the Rosettis possessed enough information even to recognize the potential cause of action against Chase at the time they filed their schedules in the First Bankruptcy Case.

chose not to pursue them. Judge Nelms gave the Trustee a time within which to intervene in the pending adversary, of which the Trustee did not take advantage.

The Rosettis filed a motion to convert their case to chapter 13 on September 26, 2006, and Chase filed a motion to lift the automatic stay the following day. While both motions were pending, the Rosettis filed a motion to dismiss the First Bankruptcy Case, which was granted on October 11, 2006—one day before the hearing on Chase's motion to lift the stay. Then, on November 4, 2006, Mr. Rosetti filed a second case under chapter 13 of the Bankruptcy Code (the "Second Bankruptcy Case")—23 days after obtaining the voluntary dismissal of the First Bankruptcy Case. In his schedules, Debtor listed claims against Chase. On the date the petition was filed, Debtor filed a motion to extend the automatic stay, which, according to Debtor's Certificate of Service, was served upon all parties on the original creditor matrix. Debtor's original creditor matrix did not include Chase,[4] but Chase, along with several other entities, was included in an amendment to the creditor matrix that was also filed on November 4.

On November 19, 2007, Chase filed an objection to confirmation of Debtor's chapter 13 plan (the "Plan"), arguing that the Plan failed to comply with section 1322(b)(2) and (5). Chase did not, however, object to Debtor's eligibility to be in bankruptcy pursuant to section 109(g)(2), nor did Chase argue, pursuant to section 1325(a)(7), that Debtor filed his petition in bad faith. Chase's objections to confirmation were apparently resolved at the chapter 13 trustee's prehearing conference. *See* General Or. 2007-02, ¶ 7. The court confirmed the Plan on May 2, 2007, based on a written proffer by the chapter 13 trustee that represented, *inter alia*, that no objections to confirmation remained unresolved.

---

[4] The notice of the section 341 meeting for the Second Bankruptcy Case (to be held on December 19, 2006) was listed on the docket as of November 4, 2006. *See* Docket no. 9. Chase filed a notice of appearance in the Second Bankruptcy Case on November 13, 2007. *See* Docket No. 17.

Chase now argues in the Chapter 13 Dismissal Motion that the Second Bankruptcy Case should be dismissed either because a) Debtor filed it in bad faith or b) Debtor was ineligible to file a case pursuant to section 109(g)(2). In the 12(b)(6) Motion, Chase asserts that the adversary proceeding should be dismissed because the court lacks subject matter jurisdiction, or, in the alternative, because pursuant to Fed. R. Civ. P. 12(b)(6), Debtor fails to state a claim upon which relief can be granted. The court will first address whether the Second Bankruptcy Case should be dismissed, as dismissal of Debtor's chapter 13 case will also dispose of the 12(b)(6) Motion.

## II. Motion to Dismiss Debtor's Chapter 13 Proceeding

### A. Res Judicata

The first question the court must consider is whether confirmation of the Plan precludes Chase from now causing dismissal of Debtor's chapter 13 case based upon non-compliance with section 109(g)(2) or lack of good faith in filing the petition. For the following reasons, the court holds that the doctrine of *res judicata* bars Chase from having the case dismissed.

### 1. 109(g)(2)

Section 109(g)(2) provides in its relevant part:

> (g) Nothwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if —
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Chase argues that the language of section 109(g)(2) on its face makes Debtor ineligible to be a debtor under the Bankruptcy Code. The court accepts this proposition as a correct statement of the law. However, by failing to raise this objection pre-confirmation, Chase slept on its rights and is now precluded from raising this objection post-confirmation.

The leading case in the Fifth Circuit regarding whether a plan's confirmation has *res judicata* effect is *Republic Supply Co. v. Shoaf*.[5] In *Shoaf*, a debtor corporation filed for bankruptcy protection under chapter 11 of the Bankruptcy Code. In its reorganization plan, the debtor included a release for the third parties who guaranteed the corporation's debt. An adversely affected creditor failed to object to the releases, despite ample opportunity to do so, and the plan was confirmed. Later, the creditor brought suit against a guarantor for payment of the debt to it. The issue in *Shoaf* was whether the order confirming the plan precluded, under the doctrine of *res judicata*, the creditor from suing the guarantor. The Court of Appeals held that the order confirming the plan did in fact bar the creditor from enforcing the guarantee—even though approving the specific release was beyond the authority of the bankruptcy court.[6] Numerous cases have applied the reasoning of *Shoaf* to plan confirmation in chapter 13 bankruptcies.[7]

Two cases are directly on point as to the specific issue of preclusion of eligibility challenges under section 109—*In re Allison* and *In re Lochamy*.[8] In each of these cases the court held that if a creditor fails to raise an objection to the debtor's eligibility to file a bankruptcy case at or before the confirmation hearing on the plan, the doctrine of *res judicata* would preclude it from later doing so. In *Allison*, the more recent case, the creditor filed a motion to convert a chapter 13 case post-confirmation because the debtor exceeded the debt limits provided in

---

[5] *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987).

[6] *Id.* at 1050; s*ee also In re Lighthouse Bar & Grill, Inc*., 124 Fed. Appx. 832 (5th Cir. 2005); *In re Nat'l Gypsum Co.,* 44 Fed. Appx. 645 (5th Cir. 2002); *In re Berryman Products, Inc*., 91 F.3d 140 (5th Cir. 1996); *Eubanks v. FDIC*, 977 F.2d 166 (5th Cir. 1992).

[7] *See, e.g., Sun Finance Co., Inc., v. Howard (In re Howard)*, 972 F.2d 639, 641 (5th Cir. 1992) ("Shoaf stands for the proposition that a confirmed Chapter 13 plan is res judicata as to all parties who participate in the confirmation process"); *see also In re Szostek*, 886 F.2d 1405, 1409 (3d Cir. 1989); *In re Turner-Mayo,* No. 05-44726, 2007 WL 484614 (Bankr. S.D. Tex. Feb. 8, 2007).

[8] *In re Allison*, No. 06-30040, 2006 Bankr. LEXIS 2137 (Bankr. S.D. Tex. Sept. 12, 2006) and *In re Lochamy*, 197 B.R. 384 (Bankr. N.D. Ga. 1995).

section 109(e).[9] Citing *Shoaf,* the court held that a final order of confirmation generally serves as *res judicata* as to all issues that were or could have been raised at the confirmation hearing.[10] Because the creditor in *Allison* failed to file a timely objection to the debtor's eligibility and failed to appeal confirmation of the debtor's plan, despite having ample notice of the confirmation hearing, *res judicata* precluded the creditor from raising the objection post-confirmation.

On similar facts, the bankruptcy court for the Northern District of Georgia concluded that confirmation of a chapter 13 plan barred further dispute respecting eligibility under section 109. In *Lochamy*, the creditor also objected post-confirmation to eligibility of the debtor pursuant to section 109(e). The court found that confirmation of the plan disposed of the eligibility issue, denying the creditor's motion to dismiss and stating, "res judicata applies as to all justiciable issues which were or could have been decided at the plan confirmation hearing."[11]

In the case at bar, the facts are even stronger than in *Allison* or *Lochamy*. Here, not only did Chase have *full* notice of the Plan and the confirmation hearing, it actually *objected to confirmation of the Plan*. Having failed in (or before) its objection to raise the issue of eligibility, Chase is now precluded from doing so.

**2. Bad Faith**

Chase's bad faith argument is also barred by the doctrine of *res judicata*. Section 1325(a)(7) of the Bankruptcy Code states, "(a) Except as provided in subsection (b), the court

---

[9] Although *Allison* involved section 109(e), the court's reliance on *Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230 (5th Cir. 1988), which involved section 109(g)(2), in disposing of a question of subject matter jurisdiction, suggests that the *Allison* court would have applied the doctrine of *res judicata* in the same fashion had the case involved section 109(g)(2).

[10] *In re Allison*, 2006 Bankr. LEXIS 2137 *at* *11.

[11] *In re Lochamy,* 197 B.R. at 386-87.

shall confirm a plan if . . . (7) the action of the debtor in filing the petition was in good faith."[12] This provision *requires* a bankruptcy judge to make a finding of fact as to the debtor's good faith in filing his or her petition in order to confirm the debtor's plan. By confirming the Plan, this court therefore made a specific determination that Debtor filed his bankruptcy petition in good faith.

Debtor timely served a copy of the Plan on Chase. Chase received notice of the confirmation hearing and in fact objected to confirmation of the Plan. Yet Chase did not then raise the issue of debtor's good faith in filing the Second Bankruptcy Case, despite ample opportunity to do so. Therefore, the doctrine of *res judicata* bars Chase from raising the objection now.[13] The *Lochamy* court best summarizes Chase's situation: "The predicament in which respondent finds [itself] is of [its] own making . . . We cannot be expected, for [respondent's] sole relief, to upset the general and well-established doctrine of *res judicata*, conceived in light of the maxim that the interest of the state requires that there be an end to litigation."[14]

For the foregoing reasons, the Chapter 13 Dismissal Motion must be DENIED.

### III. Motion to Dismiss Adversary Pursuant to Fed. R. Civ. Proc. 12(b)(6)

**A. Standard for Granting Motion to Dismiss**

Under Rule 12(b)(6), applicable pursuant to Fed. R. Bankr. P. 7012, a party moving for dismissal has the burden of proving that no claim has been stated.[15] A 12(b)(6) motion may be

---

[12] *See* 11 U.S.C. § 1325(a)(7). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added subsection 7 to section 1325(a). Effective for cases filed after October 17, 2005, section 1325(a)(7) would not have been applicable in the First Bankruptcy Case but applied in the Second Bankruptcy Case.

[13] *See Shoaf* and discussion *supra*.

[14] *In re Lochamy*, 197 B.R. at 387, quoting *Jones v. IRS (In re Jones)*, 120 B.R. 1003, 1011 (Bankr. N.D. Ill. 1991), *aff'd*, 134 B.R. 274 (N.D. Ill. 1991).

[15] 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (3d ed. 2006).

granted either because a legal remedy based on the alleged facts does not exist[16] or because the facts as alleged, even if true, do not satisfy the legal requirements of the pleaded cause of action.[17] While a complaint attacked pursuant to Rule 12(b)(6) does not need to contain detailed factual allegations,[18] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.[19] Factual allegations must be enough to raise a plaintiff's right to relief beyond the speculative level.[20] On the other hand, the court must assume that all the allegations in the complaint are true (even if doubtful in fact),[21] and dismissal under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[22]

## B. Debtor's Causes of Action

Debtor asserts two theories by which he may recover from Chase. First, Debtor claims that Chase breached its contractual obligations when it, *inter alia*, improperly calculated the Rosettis' escrow, misapplied mortgage payments to principal and interest, incorrectly assessed

---

[16] *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (holding that a court must not dismiss a complaint unless it appears to certainty that the plaintiff would not be entitled to relief under any legal theory that might plausibly be suggested by the facts alleged); *see also Santana v. Zilog, Inc.*, 95 F.3d 780 (9th Cir. 1996) (dismissing a complaint because state law did not provide a cause of action for wrongful death of a nonviable fetus).

[17] *See, e.g., Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1157 (5th Cir. 1992) (affirming district court's dismissal of claims because the facts pleaded by the plaintiffs did not state a claim under either RICO or federal civil rights law).

[18] *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)

[19] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -1965 (2007), citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[20] *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

[21] *Twombly*, 127 S.Ct. at 1965, (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)) (" Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

[22] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997), (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

late fees, improperly accelerated the Rosettis' note, and inappropriately reported the Rosettis delinquent to a credit reporting agency.[23] Second, Debtor claims that he is entitled to recover from Chase because Chase breached its fiduciary duty to Debtor. Here, Debtor argues that Chase, in its capacity as an escrow agent, had a fiduciary duty to Debtor to "receive payments from the Plaintiff and to deposit, calculate and allocate the funds properly in escrow to be used for the homestead property taxes."[24]

In both causes of action, Debtor seeks actual and punitive damages. For the reasons that follow, Chase's 12(b)(6) Motion will be GRANTED as to the breach of fiduciary duty claim and any claim for punitive damages and DENIED as to the breach of contract claim to the extent Debtor seeks actual damages, including, to the extent appropriate, attorneys' fees.

## C. The Merits

### 1. Breach of Fiduciary Duty

Debtor first asserts that, under Texas law, a mortgagee that maintains an escrow owes a fiduciary duty to its mortgagor. His argument may be summarized as follows: Chase agreed to escrow money for Debtor in order to pay his property taxes, making it an escrow agent. An escrow agent has a fiduciary duty as well as a contractual obligation to make sure that the proper amount of money is used and escrowed to pay for insurance. When Chase procured home insurance on behalf of Debtor and over-escrowed money to pay for it—despite the fact Debtor already had insurance—Chase violated its fiduciary duty and should therefore be liable for these violations.

---

[23] *See* Complaint filed by Debtor (the "Complaint"), ¶ 10.

[24] *Id.* at ¶ 13.

The cases Debtor cites to support his fiduciary duty argument are based on the reasoning in *The City of Fort Worth v. Pippen*.[25] In *Pippen*, the city of Fort Worth acquired various tracts of land and used a title company in order to escrow funds for insuring title and closing the transactions with the sellers. Pippen, the title company's vice president, converted the escrow funds for his own personal use. The Texas Supreme Court held that the title company had a fiduciary obligation to hold the money in escrow and to apply the escrowed funds as was agreed. Violation of this fiduciary duty made the title company liable for damages.[26] But as the Supreme Court wrote in *Wesson v. Jefferson Savings & Loan Ass'n*,[27] the decision on *Pippen* turned on general principles of agency theory because the *Pippen* court determined that Pippen was not an escrow agent.[28]

In *Wesson*, a mortgagor filed suit against a mortgagee for failure to provide cancellation insurance claiming that, *inter alia,* the mortgagee had a fiduciary duty to the mortgagor. The *Wesson* court ultimately held that an escrow agency, and the attendant fiduciary duties it creates, exists only by express agreement between the parties. The Court wrote, "In the absence of an agreement, the mortgagee is under no obligation to insure the mortgaged property."[29] Thus, beyond its contractual obligations to Debtor, Chase had no duties that Debtor may now rely on as a basis for recovery. Therefore, Chase's 12(b)(6) Motion is hereby GRANTED as to Debtor's causes of action based on any fiduciary duty of Chase.

---

[25] *City of Ft. Worth v. Pippen*, 439 S.W.2d 660 (Tex. 1969).

[26] *See id.* at 665.

[27] 641 S.W.2d 903 (Tex. 1982).

[28] The *Pippen* court determined that Pippen acted as the city's agent, thereby creating a fiduciary relationship. Moreover, the case involved fraud and embezzlement, facts not present in *Wesson* and not involved in this case.

[29] *Id*. at 905.

### 2. Breach of Contract

Next, Debtor alleges that Chase breached its contract in failing to properly escrow funds and apply mortgage payments correctly. Chase has not denied these allegations, nor does it challenge Debtor would be entitled to relief based on these facts. Based on *Twombly* and *Overstreet v. North Shore Corp.*,[30] this court must assume the facts alleged in the Complaint to be true. When viewed in the light most favorable to the non-moving party, here Debtor, the evidence is sufficient to allow Debtor to pursue the claim for breach of contract,[31] and therefore the court must DENY Chase's 12(b)(6) Motion as to the breach of contract claim.

### 3. Punitive Damages

In Plaintiff's response to the Motions (the "Debtor's Brief"), Debtor asserts that the court may award punitive damages for Chase's breach of contract but cites no case law to support this position.[32] Chase, on the other hand, correctly cites to *Jim Walter Homes v. Reed* as standing for the proposition that Texas law does not provide for punitive damages in causes of action sounding in contract.[33] Cases that distinguish *Jim Walter Homes* do so because a tort (such as fraud in the inducement) is involved in addition to breach of contract.[34] Awarding punitive damages on a contract claim is also not in accordance with what contract remedies are intended

---

[30] 318 U.S. 125, 127 (1943).

[31] In asserting Chase's failure to hold and dispose of the escrow as required by the agreement of the parties, Debtor does no more than ask that this court determine how much he owes Chase. It is a central function of this court to determine the amount of claims against a debtor. *See* 28 U.S.C. § 157(b)(2)(B). Moreover, the court's authority to consider the amount Chase is owed and the offsets (if any) to which Debtor is entitled could not have been established in the context of confirmation of Debtor's plan. *See In re Simmons*, 765 F.2d 547 (5th Cir. 1985). Thus, the court clearly has jurisdiction to decide Debtor's breach of contract claim.

[32] *See* Debtor's Brief, ¶ 72.

[33] *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986); *see also Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) (denying punitive damages to Plaintiff when injury arose solely out of breach of contract).

[34] *See, e.g., Century Prods. Co. v. Cosco, Inc.*, No. Civ.A.3:00-CV-0800-G, 2001 WL 282795, *6 (N.D. Tex. Mar. 15, 2001) (stating that "*DeLanney* nor *Jim Walter Homes* dealt with a claim of fraud in the inducement of contract, as [the plaintiff] has alleged here"); *see also Prudential Ins. Co. v. Jefferson Assoc.*, 839 S.W.2d 866 (Tex. App.— Austin 1992, *rev'd on other grounds*) (*Jim Walter Homes* does not bar punitive damages when a tortious act is committed).

to accomplish. The purpose of the breach of contract remedy is to restore the injured party to the economic position it would have been in had the contract been properly performed.[35] As Debtor is only left with a breach of contract claim, the court must GRANT Chase's 12(b)(6) Motion as to Debtor's claim for punitive damages.

### IV. Conclusion

For the foregoing reasons, the Chapter 13 Dismissal Motion is DENIED. The 12(b)(6) Motion is GRANTED in part and DENIED in part. The former ruling is embodied in a separated order of the court; counsel for Chase is directed to prepare and submit a partial judgment consistent with the court's ruling respecting the latter.

### ###End of Opinion###

---

[35] *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 123 (Tex. App.—Houston [14 Dist.] 2007, no pet.)